

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00739-CR

Andres **CISNEROS**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR0183
Honorable Ray Olivarri, Judge Presiding

Opinion by:　Luz Elena D. Chapa, Justice

Sitting:　　Rebeca C. Martinez, Justice
　　　　　Patricia O. Alvarez, Justice
　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:　February 18, 2015

AFFIRMED

Andres Cisneros appeals his conviction for evading arrest or detention with a vehicle. He argues the trial court erred by denying his motion to suppress and failing to define "lawfully arrest or detain" in the jury charge. We affirm.

### BACKGROUND

In September 2011, Alamo Colleges police officers Brian Williams and Miguel Castillo saw Cisneros in a San Antonio College (SAC) parking lot and suspected he was attempting to steal a car. After Cisneros noticed Officer Castillo was attempting to detain him, Cisneros drove away,

running through two red lights. Cisneros was later detained by Officer Alberto Marin, another Alamo Colleges officer, for committing another traffic offense of failing to drive within a single lane of traffic. Cisneros was then arrested for having evaded detention by Officer Castillo.

A grand jury indicted Cisneros for intentionally fleeing in a vehicle from individuals he knew were peace officers when the officers were attempting to lawfully arrest and detain him. Cisneros filed a motion to suppress alleging he was illegally detained and arrested by the Alamo Colleges officers. He moved to suppress all evidence of his arrest, evidence relating to the arrest, and testimony about Cisneros's conduct and statements while he was detained and under arrest.

The case proceeded to a jury trial, and after hearing voir dire testimony on the motion to suppress, the trial court denied Cisneros's motion. Findings of fact and conclusions of law were not requested or made. At the charge conference, the trial court overruled Cisneros's objection to the absence of an instruction defining "lawfully arrest or detain." The jury convicted Cisneros of evading arrest or detention with a vehicle, and the trial court assessed a punishment of four years on community supervision. Cisneros now appeals.

## MOTION TO SUPPRESS

Cisneros argues the trial court erred by denying his motion to suppress. Officer Marin testified Cisneros was detained for the traffic offense until Officer Williams and Officer Castillo arrived and identified Cisneros as the individual who fled from Officer Castillo. Cisneros does not contest on appeal that Officer Marin lacked authority to stop him for committing a traffic offense. Cisneros argues the trial court erred by denying his motion to suppress because he was arrested in violation of the Fourth Amendment to the U.S. Constitution; article I, section 9 of the Texas Constitution; and article 14.04 of the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 14.04 (West 2011).

***U.S. and Texas Constitutions***

Cisneros argues Officer Marin lacked authority to detain him because Officer Williams and Officer Castillo did not have reasonable suspicion to stop him in the SAC parking lot. Thus, Cisneros contends Officer Marin lacked reasonable suspicion and probable cause to believe Cisneros had previously evaded lawful detention by Officer Castillo. *See Farmah v. State*, 883 S.W.2d 674, 678 (Tex. Crim. App. 1994) ("When one officer relies solely on another officer's request to arrest a suspect, probable cause must be based on the requesting officer's knowledge."). Therefore, the first part of Cisneros's first issue ultimately turns on whether Officer Williams had reasonable suspicion to detain him to investigate whether he was attempting to steal a vehicle out of the SAC parking lot.

"A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). "Among the circumstances that can give rise to reasonable suspicion are the agent's knowledge of the methods used in recent criminal activity and the characteristics of persons engaged in such illegal practices. Law enforcement officers may rely on the 'characteristics of the area,' and the behavior of a suspect who appears to be evading police contact." *United States v. Mendenhall*, 446 U.S. 544, 563-64 (1980). The facts must "in some measure render the likelihood of criminal conduct greater than it would otherwise be." *Crockett v. State*, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991).

When reviewing a trial court's denial of a motion to suppress, we "evaluat[e] the totality of the circumstances, [and] use a bifurcated standard of review. We give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of law to facts not turning on credibility and demeanor." *Ford v. State*, 158 S.W.3d 488, 493 (Tex.

Crim. App. 2005). When a trial court does not make explicit findings of fact and conclusions of law and neither party has requested them, we imply the findings necessary to support the trial court's ruling if such findings are supported by the record. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006).

Officer Williams testified on voir dire he suspected Cisneros was attempting to commit theft of a car. Officer Williams stated about fourteen cars had recently been stolen from the particular lot. He testified that on over 100 prior occasions, he had observed pry marks near keyholes where someone attempted to pry open the lock on a car with a screwdriver. Officer Williams testified he saw Cisneros standing between two cars in the same lot where numerous cars had been recently stolen. Officer Williams testified that when Cisneros saw him approach, Cisneros ducked between the two cars, entered one of them, and then drove toward the exit of the parking lot. Officer Williams then went to inspect the other vehicle and saw pry marks on the door consistent with someone attempting to pry the lock open with a screwdriver. He testified he did not know how long the pry marks were on the car, but believed he had reasonable suspicion to detain Cisneros to question him. Officer Williams testified it was only after seeing the pry marks that he signaled to Officer Castillo to stop Cisneros and Officer Castillo attempted to do so.

Cisneros argues that because Officer Williams did not know how long the pry marks were on the car, he was merely present in a "high crime" area, and Officer Williams thus lacked reasonable suspicion. We disagree. Cisneros was more than merely present in an area where there were a high number of car thefts; he was observed standing near physical evidence of a specific criminal act consistent with prior criminal acts in the same parking lot. When viewed together, the facts known to Officer Williams—including the consistency of the pry marks on the car with an attempted car theft, the number of prior car thefts in that particular parking lot, Cisneros's proximity to the car with the pry marks, and Cisneros's ducking between two cars when he saw

- 4 -

Officer Williams—made it more likely that Cisneros's conduct was criminal. Thus, Officer Williams had reasonable suspicion to detain Cisneros to investigate whether he was attempting to steal a car.

*Code of Criminal Procedure*

Citing article 14.04 of the Texas Code of Criminal Procedure, Cisneros argues he was unlawfully arrested without a warrant because Officer Marin had no basis to believe Cisneros was about to escape. *See* TEX. CODE CRIM. PROC. ANN. art. 14.04 (requiring "satisfactory proof . . . that the offender is about to escape"). However, an officer may arrest an individual for committing an offense in the officer's presence. *Id.* art. 14.01(b). Cisneros does not contest the validity of Officer Marin's traffic stop, during which Officer Williams and Officer Castillo came to the scene and identified Cisneros as the individual who previously fled from the SAC parking lot in Officer Castillo's presence. Because the evidence supported Cisneros committed an offense in Officer Castillo's presence, the trial court did not abuse its discretion by denying Cisneros's motion to suppress.

**CHARGE ERROR**

Cisneros argues the trial court erred by failing to define the "lawfully arrest or detain" element of the offense in the jury charge. The State agrees the trial court erred but argues the error was harmless. We will assume without deciding the trial court's failure to instruct the jury was error and review whether the omission of the definition from the instruction was harmless.

To determine whether charge error is harmless, we apply *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). *State v. Ambrose*, — S.W.3d —, No. 04-13-00788-CR, 2015 WL 102194, at *3 (Tex. App.—San Antonio Jan. 7, 2015, no. pet. h.). When, as here, the defendant preserves error at trial by objecting to the absence of a proper jury instruction, the record must establish some harm to obtain reversal. *Id.* "[A]ll harmless error applications, including that

prescribed by *Almanza*, are essentially empirical inquiries concerning the effect of flaws and mistakes on the particular strengths and weaknesses of individual cases." *Saunders v. State*, 817 S.W.2d 688, 690 (Tex. Crim. App. 1991). To determine whether some harm resulted from charge error, we consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, arguments of counsel, and any other relevant aspects of the record. *Ambrose*, 2015 WL 102194, at *4. Neither party bears any burden of production or persuasion to show charge error was harmful; the question is simply what the record demonstrates. *Hollander v. State*, 414 S.W.3d 746, 750 (Tex. Crim. App. 2013).

The charge permitted the jury to convict Cisneros if the jury found he evaded Officer Castillo's attempt to lawfully arrest or detain him. The charge did not explicitly define lawful arrest or detention in the application paragraph. However, the trial court instructed the jurors:

> You are instructed that to justify an investigative detention, an officer must have reasonable suspicion. Our law requires that to have reasonable suspicion, an officer must have specific articulable facts which, based on his experience and personal knowledge, when coupled with logical inferences from those facts, would warrant the intrusion on the detainee. These facts must amount to more than a mere hunch or suspicion.
> The articulable facts used by the officer must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity, and some indication the unusual activity is related to a crime or an offense. A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information may be reasonable in light of facts known to the officer at the time.

The charge then instructed the jury to disregard evidence the jury found was obtained from an unlawful detention. The charge did not expressly relate this section to the application paragraph.

The prosecution's closing argument laid out the elements of the charged offense and then focused almost exclusively on the element of "lawfully arrested or detained." Its argument emphasized the testimony that numerous cars were recently stolen from the SAC parking lot, Cisneros was standing next to a car that had pry marks consistent with an attempted theft, and

Cisneros ducked between two cars when he saw Officer Williams. The prosecution argued this was sufficient to detain Cisneros to investigate and stated, "When you look at that element, keep those things in your mind." The defense's closing argument also referred to the instruction's definition of lawful detention when discussing this evidence.

Although Cisneros attempted to impeach Officer Williams because his police report omitted a complete description of Cisneros's evasive conduct, Cisneros did not contest the more probative evidence supporting Officer Williams's reasonable suspicion, such as the numerous, recent car thefts in the parking lot and his observation of pry marks on the car Cisneros was standing next to. In light of the charge as a whole, the arguments of counsel, and the weight of the probative evidence, the omission of the definition of "unlawfully arrest or detain" from the application paragraph was not harmful.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH